**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 6/28/96**

WILLIAM MILLER,

      Petitioner - Appellant,

v.

RICHARD MARR, Warden, and THE
ATTORNEY GENERAL OF
COLORADO,

      Respondents - Appellees.

No. 96-1009
(D.C. No. 95-M-2540)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner William Miller appeals from the district court's dismissal of his habeas

corpus petition, brought under 28 U.S.C. § 2254. Miller was convicted of child sexual

abuse in Colorado state court and is currently serving a sixteen year sentence. His pro se

habeas petition, liberally construed, asserts a Sixth Amendment confrontation clause

violation from the trial court's failure to give cautionary instructions to the jury when

[*]The case is unanimously ordered submitted without oral argument pursuant to the
applicable rules. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

admitting certain hearsay evidence, and an ineffective assistance of counsel claim based on petitioner's trial attorney failing to object to the admission of the statements without the cautionary instructions. The magistrate reviewing the habeas petition recommended it be dismissed for failure to exhaust state remedies. The district court appeared to agree that petitioner failed to exhaust state remedies, but found that, in any event, he raised no basis to challenge his conviction by habeas corpus and denied the petition on that basis.

Petitioner's right to appeal the district court's denial of habeas relief is predicated on this court's granting a certificate of appealability. 28 U.S.C. § 2253. The statute, as recently amended, states that "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Pub. L. No. 104-132, tit. I, § 102, 110 Stat. 1217 (1996) (to be codified at 28 U.S.C. § 2253(c)(2)). Because the new certificate of appealability does not change the preexisting standard governing our ability to review dismissed § 2254 petitions, we apply the amended statute to pending cases. Lennox v. Evans, No. 96-6041, slip op. at 8 (10th Cir. June 24, 1996).

We have considered petitioner's brief and examined the record, particularly documents relating to petitioner's state court proceedings, and agree with the district court that he has made no showing of the denial of a constitutional right. The petition does not implicate the Confrontation Clause. The victim, petitioner's daughter, was cross examined at length by his attorney. The petitioner does not take issue with the admission

- 2 -

of the hearsay statements themselves, only with the court's failure to give a cautionary instruction under Colo. Rev. Stat. § 13-25-129. As to his ineffective assistance of counsel claim, regardless whether his trial attorney was deficient in failing to object to the admission of hearsay statements without an accompanying cautionary instruction, this failure clearly did not make the trial constitutionally unfair. We therefore DENY petitioner's application for a certificate of appealability and DISMISS the appeal. Petitioner's application to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge